UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 18-cv-80901-MIDDLEBROOKS

FLORINE ROSENFIELD,

    Plaintiff,

v.

NORTHSTAR CEMETERY SERVICES
OF FLORIDA, LLC, a Delaware limited
liability company d/b/a ETERNAL LIGHT
MEMORIAL GARDEN CEMETERY,

    Defendant.
_____/

### ORDER REMANDING CASE

THIS CAUSE comes before the Court *sua sponte*. On July 10, 2018, Defendant Northstar Cemetery Services of Florida, LLC ("Defendant LLC") removed this action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, based on diversity jurisdiction. (DE 1).

This is the second time this matter is before me. The first case, *Rosenfeld v. Northstar Cemetery Services of Florida, LLC*, Case No. 18-cv-80563-DMM (hereinafter, the "First Rosenfeld Action"), was dismissed for lack of subject matter jurisdiction when Plaintiff failed to plead the citizenship of the Defendant LLC. (First Rosenfeld Action, DE 11). In that case, Plaintiff pled that Northstar Cemetery Group, LLC ("Member LLC") was a member of the Defendant LLC, and that Member LLC was a subsidiary of Northstar Memorial Group, LLC ("Parent LLC"). Those allegations were inadequate to establish diversity because (1) Plaintiff did not plead the citizenships of Member LLC, (2) Plaintiff failed to provide any legal support for the notion that Parent LLC was relevant for determining the citizenship of Member LLC, and (3) if Parent LLC was relevant to the citizenship of Member LLC, and therefore of Defendant LLC, Plaintiff failed to plead the citizenships of any of Parent LLC's members. Twice, I

described these jurisdictional deficiencies and ordered Plaintiff to correct them so that I could determine whether there was subject matter jurisdiction. (First Rosenfeld Action, DE 8 & 10). Plaintiff failed to do so, and I dismissed the action without prejudice. (*Id.*, DE 11).

When Defendant removed the instant case to this Court, it was on notice of the previously-described jurisdictional deficiencies in Plaintiff's complaint. (DE 1 at 2-3). As I articulated in two Orders in the First Rosenfeld Action, "a limited liability company is a citizen of any state of which a member of the company is a citizen." (First Rosenfeld Action, DE 8 & 10 (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.P.*, 374 F.3d 1020, 1022 (11th Cir. 2004)). Instead of pleading its own citizenship in the Notice of Removal, Defendant merely contends that Member LLC is its only member, and that Member LLC is a "wholly-owned subsidiary" of Parent LLC. (DE 1 at 2). Defendant LLC fails to plead any members of Member LLC, and also fails to show why the fact that Member LLC is a wholly-owned subsidiary of Parent LLC is relevant to determining the citizenships of Member LLC's members. (*Id.*). As Defendant was aware of how to plead its citizenship to establish diversity jurisdiction in this matter but failed to do so, this case is remanded for lack of subject matter jurisdiction. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

(1) This action is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

(2) The Clerk of the Court shall **CLOSE** the case in this District.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 19 day of July, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record